IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 00-40104-01/02-RDR**

WILLIAM LEONARD PICKARD
and CLYDE S. APPERSON,

        Defendants.

### MEMORANDUM AND ORDER

This matter is presently before the court upon defendants' motions for leave to file Fed.R.Crim.P. 33 motions for new trial. In the motions for new trial, the defendants argue that a new trial is warranted due to significant failures by the government to produce certain evidence required by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

This motion has a particularly interesting heritage. The defendants, William Leonard Pickard and Clyde S. Apperson, were convicted by a jury on March 31, 2003 of conspiracy to manufacture, distribute and dispense 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD) in violation of 21 U.S.C. § 846 and possession with intent to distribute or dispense 10 grams or more of a mixture or substance containing a detectable amount of LSD in violation of 21 U.S.C. §

841(a)(1). Following the verdict, the defendants filed motions for new trial. These motions were denied on July 29, 2003. United States v. Pickard, 278 F.Supp.2d 1217 (D.Kan. 2003). Following sentencing, the defendants filed notices of appeal. While the appeals were pending, the defendants filed a motion for new trial based upon juror misconduct. On September 16, 2004 the court denied the motion for new trial. United States v. Pickard, 2004 WL 3186232 (D.Kan. 2004). The defendants promptly filed appeals to this ruling.

On January 5, 2005 defendant Pickard filed a "Motion to Remand to Trial Court for the Limited Purpose of Granting A New Trial, Pursuant to Federal Rule of Criminal Procedure 33 for Brady/Giglio Violations" with the Tenth Circuit Court of Appeals. The Tenth Circuit quickly responded with an order on January 10, 2005. In the order, the court noted that it was not clear from the motion filed by Pickard whether he had yet filed a motion for new trial in the trial court based on the grounds identified in the motion. The court further noted that a review of the district court's docket sheet failed to show any such motion. The court indicated that no remand was necessary for the defendant to file such a motion with the district court. The court denied the motion to the extent that it sought to abate the pending appeal in any way. The court, however, deferred a final ruling on the motion so that the panel assigned to hear the appeal could consider the motion. The court

provided counsel with the proper procedures to follow once the motion was filed with the district court. Defendant Pickard made no effort to ever file a motion for new trial based upon these grounds with this court prior to the conclusion of the appellate process. He did, however, continue to file several supplements with the Tenth Circuit concerning this motion.

On November 8, 2005 the Tenth Circuit affirmed this court's decision on the defendants' motion for new trial based upon juror misconduct. United States v. Apperson, 153 Fed.Appx. 507 (10th Cir. 2005). On March 28, 2006 the convictions and sentences of the defendants were affirmed by the Tenth Circuit. United States v. Apperson, 441 F.3d 1162 (10th Cir. 2006). In the order, the court denied defendant Pickard's motion to remand as moot because this court never certified any intention to grant Pickard a new trial. Id. at 1213-14. Writs of certiorari were subsequently denied by the United States Supreme Court on January 8, 2007. Apperson v. United States, 127 S.Ct. 1003 (2007) and Pickard v. United States, 127 S.Ct. 1024 (2007). The instant motions were filed on January 4, 2008.

In its response, the government contends that any effort by the defendants to file a Rule 33 motion for new trial should be denied because such efforts are untimely. The government argues that the time limitations of Rule 33 are jurisdictional and the defendant's motion is filed beyond the three-year limitations

period provided in Rule 33.

Rule 33 provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). For many years, the time limits of Rule 33 were considered jurisdictional. See Wright, King & Klein, Federal Practice and Procedure Criminal 3d § 558 (2004). However, in 2005, the Supreme Court changed the characterization of the time limits of Rule 33(b) from jurisdictional limits to claim-processing rules. Eberhart v. United States, 546 U.S. 12 (2005). The Court determined that the claim-processing rules were to be applied rigorously if invoked, but subject to forfeiture if ignored. Id. at 19. The Court held that the government had forfeited its objection to the timeliness of a motion for new trial pursuant to Rule 33 by failing to raise that defense until appeal, after the district court had reached the merits. Id.

Claims processing rules may be equitably tolled. See Bowles v. Russell, 127 S.Ct. 2360, 2366 (June 14, 2007). Equitable tolling is available "only in rare and exceptional circumstances" such as when an adversary's conduct or other uncontrollable circumstances prevent a litigant from timely filing, or when the litigant actively pursues judicial remedies but files a defective pleading during the statutory period. Gipson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). The burden of demonstrating grounds

warranting equitable tolling rests with the petitioner.  Miller v. Maar, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

The instant motions were filed on January 4, 2008, well over three years after the guilty verdicts in this case.  Thus, absent the application of equitable tolling or some other equitable basis, these motions are untimely.

The defendants initially suggest, relying on United States v. Hanrahan, 2005 WL 3663486 (D.N.M. 2005) and United States v. Fallis, 1996 WL 743826 (D.Kan. 1996), that the court should allow the filing of their Rule 33 motions to prevent a miscarriage of justice.  The defendants next contend that equitable tolling should be applied here because "the delay in a decision by the 10th Circuit on a prior Rule 33 motion to the 10th Circuit prevented [them] from refiling the Rule 33 motion in the District Court until after the end of the statutory period."

The court finds no support for the defendants' position in Hanrahan and Fallis.  In Hanrahan, a district court in New Mexico found that the defendant had shown good cause for an extension of time to file his motion for new trial.  Hanrahan, 2005 WL 3663486 at *2.  As the court will shortly discuss, no such showing has been made by the defendants here.  In Fallis, Judge O'Connor of this district noted that most of the defendant's claims asserted in defendant's motion for new trial were untimely, but nevertheless

proceeded to consider the claims, which he found completely without merit. The court does not find this opinion persuasive as support for the argument that the court should overlook the time limitations of Rule 33.

Next, we shall consider the defendants' equitable tolling argument. The defendants have suggested that somehow the actions of the Tenth Circuit prevented them from filing a timely Rule 33 motion in this court. The court does not find any factual or legal support for this contention. The actions of the Tenth Circuit did nothing to prevent the defendants from filing timely Rule 33 motions. In fact, in its order of January 10, 2005, the Tenth Circuit specifically counseled defendant Pickard on how to proceed with his Rule 33 motion. The Tenth Circuit made clear that defendant Pickard needed to file his Rule 33 motion in the district court if he wanted action to be taken on it. Defendant Pickard and his counsel simply overlooked or ignored the advice that they were given in that order. The Tenth Circuit's action in waiting to determine whether a remand was proper was entirely appropriate and in accord with the dictates of Rule 33(b)(1). The Tenth Circuit could only act if this court signaled an intention to grant a Rule 33 motion while the appeal was pending. This court, under the circumstances, could not signal any such intention because the defendants had not filed any Rule 33 motions. The court simply fails to find any basis for the application of equitable tolling

here.  The lack of diligence by a defendant's attorney is not sufficient to justify equitable tolling of a time limitation. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990); Gruber v. Unum Life Insurance Co., 195 F.Supp.2d 711, 716 (D.Md. 2002). There was nothing that prevented the defendants from filing a timely Rule 33 motion for new trial in this court.  In fact, they had previously filed such a motion in this court on the issue of juror misconduct.  The defendants had every opportunity to file another motion and they simply failed to do it.  In the instant motions, the defendants suggest that Garcia v. Regents of the University of California, 737 F.2d 889, 890 (10th Cir. 1984) allowed them to file a Rule 33 motion in the Tenth Circuit.  A reading of that opinion provides nothing to support that contention.  In Garcia, the Tenth Circuit points out how Rule 33 motions must be filed in the district court.  Garcia, 737 F.2d at 890 ("It is settled that under Rule 33 of the Federal Rules of Criminal Procedure a district court may entertain a motion for new trial during the pendency of an appeal, although the motion may not be granted until a remand request has been granted by the appellate court.").  The court in Garcia provided guidance on how a motion to remand that was filed before it during the pendency of an appeal would be handled while a motion for new trial was pending before the trial court.  Id.  The court offered no suggestion that a motion for new trial should be filed in the appellate court.  To

the extent that the defendants' counsel misread Garcia and this led to the late filing of the instant motion, we again fail to find that this conduct constitutes equitable tolling. Ignorance of the law does not excuse timely filing. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). In sum, the court finds that the instant motions for leave to file Rule 33 motions for new trial are untimely. The court finds no basis for the application of equitable tolling to allow filing of the defendants' motions for new trial under Rule 33. These motions shall be denied.

The court does note, however, that the defendants are not left without a remedy. Both have raised the issue asserted in the motions for new trial in their motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which were filed after the instant motions. It appears that the court will have to determine the merits of this contention during the consideration of those motions.

With this decision, the court shall also deny the recent motions filed by the defendants for leave to file exhibits conventionally to the instant motions. The court has reviewed the exhibits and we note that all of the exhibits relate to the merits of the motions for new trial. Since the court has determined that the motions for new trial would be untimely, we see no need to file these exhibits.

**IT IS THEREFORE ORDERED** that defendant William Leonard Pickard's motion for leave to file Rule 33 motion for a new trial (Doc. # 549) be hereby denied.

**IT IS FURTHER ORDERED** that defendant Clyde Apperson's motion for leave to file Rule 33 motion for a new trial (Doc. # 550) be hereby denied.

**IT IS FURTHER ORDERED** that defendant William Leonard Pickard's motion for leave to file exhibits to motion for leave to file Rule 33 motion for new trial conventionally (Doc. # 551) be hereby denied.

**IT IS FURTHER ORDERED** that defendant Clyde Apperson's motion for leave to file exhibits to motion for leave to file Rule 33 motion for new trial conventionally (Doc. # 552) be hereby denied.

**IT IS FURTHER ORDERED** that defendant William Leonard Pickard's motion for leave to file exhibits in support of Rule 33 motion conventionally (Doc. # 562) be hereby denied.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge