IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                        Case No. 00-40104-01, 02-JTM

William Leonard Pickard, and Clyde
Apperson,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Clarify Court Order of defendants William Pickard and Clyde Apperson. (Dkt. 755). Specifically, the defendants challenge several aspects of the court's Orders of February 26, 2014 (Dkt. 751) and March 21, 2014 (Dkt. 754), which dealt with the unsealing of the CI file for DEA informant Todd Skinner, followed by a determination that the government was in compliance with its earlier Order for redacted production. The history of the case is extensive, is familiar to the parties, and need not be repeated here.[1]

---

[1] While their Motion to Clarify was pending, during which Pickard and Apperson explicitly sought a continuation of further action in the case, they have filed a a Notice of Appeal relating to the substance of the earlier Orders. The court accordingly suspends its earlier scheduling order as to the briefing on defendants' pending Rule 60(b) motion, enters the present Order addressing the requested clarification, and

The defendants' first argument is the reference in the court's orders to "the DEA file" is confusing because the matter controverted does not relate to the general "agency record maintained by the DEA," but the "the Court's actual sealed filed." (Dkt. 755, at 4).

The court finds no merit in defendants' argument. In its Orders of February 26 and March 21, the court used the the same language as the Tenth Circuit in its most recent opinion. (Dkt. 746, at 2, 3, 6 n. 4, 7 n. 5, 8, 10, 11). No substantial ambiguity exists, and no clarification is required.

Next, the defendants stress that their request for information is grounded on the common law right of access to judicial records rather than under the Freedom of Information Act. (Dkt. 55, at 5). They also contend that the *Vaughn* index cannot serve as a template for redaction, because the CI record contains numerous records which are not in the *Vaughn* index. Finally, they assert that the court should make its own redactions rather than permit the government to redact the records.

The sealed CI file has been delivered to the undersigned, and the court has conducted a review of the information contained therein. As the government acknowledges in its Response to the motion to clarify, the two bodies of documents are not identical. The *Vaughn* index "contains many, but not all, of the documents in the CI file," while at the same time includes "some documents that are not in the CI file." (Dkt. 756, at 1-2). Nevertheless, as the government correctly states, on the whole the two files "significant[ly] overlap" each other. (*Id.*)

---

additionally grants the defendants' Motion for Leave to Proceed in forma pauperis. (Dkt. 760).

The government contends that it satisfied its burden under the court's Order by referencing the *Vaughn* index as an exhibit in its opposition to the unsealing. (Dkt. 749). "To the extent that documents contained in the CI file are not referenced in the *Vaughn* index," the government writes, they "are not subject to disclosure. With the unredacted copy of the CI file presently in the possession of the court, the court is in position to judge this matter."

To consider the defendants' arguments individually, the court finds, as it discusses below, that the government has met its burden of identifying a compelling rationale for nondisclosure. This interest is compelling when viewed in the context of either the Freedom of Information Act or the common law right of access to judicial records.

The defendants argue that the *Vaughn* index cannot be used here, because it precludes them from recovering most of the CI file. The defendants cite *Vaughn v. Rosen*, 484 F.2d 820, 827 (C.A.D.C. 1973) for the contention that such a result is "preposterous."

In *Vaughn v. Rosen*, the plaintiff sought the disclosure of evaluations of personnel programs conducted by the federal Bureau of Personnel Management. No comprehensive indexing of the file had been undertaken, and the court noted that the documents were not a part of the record on appeal," with the result that the court did not "know precisely what was in them." *Id.* at 882 n. 4. The court rejected the government's blanket contention that "the documents, as a whole, are exempt under three distinct exemptions," a representation that was premised entirely on "conclusory and generalized allegations." 484 F.2d at 827.

But *Vaughn v. Rosen* does not automatically compel the rejection of the *Vaughn* index presented here, which is precisely the sort of careful separation and indexing authorized

in that case. Here, the court in its Order of February 26, 2014 agreed that "the government has shown a strong and compelling interest in the generalized confidentiality of criminal investigative records." (Dkt. 751, at 4). In particular, the court agreed that the government had a strong interest in avoiding the disclosure of investigative records. *Id.* Accordingly, the remaining issue was the extent of redaction. The defendants have shown no basis for rejecting the *Vaughn* index itself as a sufficient itemization of the government's objections to production.

A wholly separate question, however, is presented as to whether those objections are *valid* redactions. The decision to unseal judicial records is committed to the discretion of the district court. *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011) (decision to unseal).

Here the court finds that information identified in the *Vaughn* index is properly withheld.

First, the court finds no reason to vary from its earlier determination that the government has shown a compelling interest in the confidentiality of the DEA file. Even if no ongoing investigation exists, the government has a strong interest in preventing the disclosure of the file itself, which would have a dangerous negative effect on the ability to secure cooperation by other confidential sources in the future. The court has recognized this importance in sealing the document simultaneous with its reception (Dkt. 283). The defendants filed no challenge to this seal until long afterwards. (Dkt. 657).

The court further finds that the government appropriately articulates strong and compelling rationales for withholding the designated information, even if the ultimate

result means that much of the file remains under seal. A careful review of the sealed DEA file confirms that it is the sort of information which is typically subjected to the highest level of confidentiality, and there is no meaningful basis for alternative or additional redactions.

Second, the court finds that the limited disclosure of some information from Skinner's participation does not justify the broad disclosure of the majority of the CI file. After determining that the court previously erred in requiring the defendants to justify unsealing the file, the Tenth Circuit further observed that "[t]he fact that some of the sealed information has already been made public suggests that much of the information in the DEA records could be unsealed." The court identified two grounds for this inference, *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) and *United States v. James*, 663 F.Supp.2d 1081, 1021 (W.D. Wash. 2009).

The plaintiff in *Mann*, disappointed in state court probate proceedings, filed a federal complaint naming as defendants various judges and government officials. She also requested that her complaint be sealed and that she proceed with the case under a pseudonym. 477 F.3d at 1148. The district denied the request, and the Tenth Circuit affirmed. The court noted the plaintiff's privacy concern, which was premised on her father's Alzheimer's diagnosis, but found that this interest was insufficient to overcome the presumption in favor of public access to judicial records. "We also note," the court stated, "that much of the information contained in Beverly's complaint appears to have been disclosed previously in the public probate court proceedings." *Id.* at 1149.

In *James*, the Canadian Broadcasting Corporation sought access to the plea

agreement and sentencing memorandum entered in case involving cross-border drug trafficking. Both the government and the defendant opposed disclosure. The court authorized the disclosure of most of the information, noting three factors relating to public knowledge of the information. First, "[a] significant portion of the documents contains boilerplate language and information that is otherwise a matter of public record." 663 F.Supp.2d at 1021. Second, the fact of defendant's cooperation was stated in open court, and "the transcript of the sentencing hearing and the length of her sentence are part of the public record." *Id*. The court also noted that plea agreements have typically been open to the public." *Id*.

Neither *Mann* nor *James* involved raw files relating to confidential informants, and the court agrees with the government that it possesses a strong and compelling interest in keeping confidential the information generated by confidential informants. Accordingly, the governmental interest is far stronger than the privacy interest in *Mann* and or the interest of the sentenced defendant in *James*; in both cases the courts respectively noted that the relevant documents (whether civil complaint or plea agreement) are filed publicly as a matter of course. *James* authorized the release of "boilerplate language," statements made in open court, and the fact of the defendant's cooperation with the government. Nevertheless, it explicitly agreed to redact "the *details* of Ms. James' cooperation." *Id.* (emphasis added).

The court finds the complete disclosure of the details of Skinner's cooperation would work substantial damage to the government by creating a chilling effect on future cooperation. The government's interest is extremely strong, and the fact that some limited

information from the CI file has been referenced during the long post-conviction proceedings does not justify the wholesale release of the entire file. Additional redactions beyond those contained in the *Vaughn* index are unjustified in light of the government's interest. The court further finds that the relatively few documents which are in the CI file but not in the *Vaughn* index should remain sealed as well. In both cases, a broad release of the information would be unjustified in light of the governmental interest involved, and the government interest is sufficient to overcome the presumption in favor of public access to judicial records.

Given the highly confidential nature of the informant file, the glancing and indirect nature of much of the "publication" cited by the defendants, and the inherent chilling effect of a release of that information on future investigations, the court finds that specific redactions beyond those identified in the *Vaughn* index are insufficient to satisfy the government interest involved. Accordingly, the court finds the defendants' Motion to Unseal (Dkt. 657) shall remain denied, except as provided herein.

Specifically, the court unseals those portions of the DEA file which have been made public. In their Motion to Clarify, the defendants reference specific documents including (a) Skinner's Criminal Felony Docket for Tulsa County, Oklahoma District Court, July 31, 2006; (b) the Pottawattamie County Kansas Court order dated August 21, 2000; (c) Skinner's Criminal Felony Docket for Tulsa County, Oklahoma District Court dated March 24, 2004; (d) Skinner's Eleven-point Risk Assessment; and (e) Skinner's Confidential Source Agreement Form, DEA form 473, dated October 18, 2000). These documents being public, the court lifts the seal as to those documents. To the extent that the defendants identify

other portions of the DEA file which are public information, they seek unsealing as to those portions.

Counsel for the defendants' request for modification of the nondisclosure order to allow individualized access to the CI file by the defendants themselves is denied.

IT IS ACCORDINGLY ORDERED this 7th day of April, 2014, that the defendants' Motion to Clarify (Dkt. 755) is granted in part and denied in part as provided herein, and the Motions to Proceed (Dkt. 758, 760) are granted.




 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE