**In the United States District Court
for the District of Kansas**

————————

Case No. 00-cr-40104-TC-2

————————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

WILLIAM LEONARD PICKARD,
CLYDE APPERSON,

*Defendants*

————————

**MEMORANDUM AND ORDER**

Clyde Apperson moves for a reduction in his sentence. Doc. 910. The Government opposes his request. Doc. 912. For the following reasons, Apperson's motion is denied.

**I**

A term of imprisonment generally may not be modified once it has been imposed, subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011); *see also United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5195, 5239, Section 3582 permits a defendant to move for compassionate release only after exhausting administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

If exhaustion is shown, Section 3582(c)(1)(A) permits a court to "reduce the term of imprisonment … after considering the factors set forth in section 3553(a)" to the extent applicable if either of two situations exist. 18 U.S.C. § 3582(c)(1)(A). First, a court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Second, a court may reduce the term of imprisonment if "the defendant is at least 70

1

years of age, has served at least 30 years in prison," for the offense the defendant is currently imprisoned for, "and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(ii). In either situation, a court must make a finding that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Consequently, where relief is sought under Section 3582(c)(1)(A)(i), the court applies a three-step analysis. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). First, extraordinary and compelling circumstances must warrant the reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(1)(A)(i). And third, the sentencing factors in 18 U.S.C. § 3553(a) must warrant the reduction. 18 U.S.C. § 3582(c)(1)(A). "Relief [may] be granted only if all three prerequisites are satisfied, but [the language of Section 3582(c)(1)(A)] does not mandate a particular ordering of the three steps." *Hald*, 8 F.4th at 942. In any case, compassionate-release relief may not be denied solely on the ground that release is not warranted under Section 3553(a) factors without considering whether the facts alleged establish extraordinary and compelling reasons for release. *Hald*, 8 F.4th at 947.

**B**

Clyde Apperson and his co-defendant William Leonard Pickard were involved in a massive, international operation manufacturing and distributing lysergic acid, iso-lysergic acid, and LSD that ran for at least 3 years and manufactured at least 150 kilograms of LSD and related controlled substances. *See United States v. Apperson*, 441 F.3d 1162, 1176 (10th Cir. 2006). Apperson was found guilty of conspiracy to distribute 10 grams or more of a controlled substance in violation of 21 U.S.C. § 846 and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 360 months imprisonment and 5 years of supervised release. Doc. 424.[1]

---

[1] All citations are to the document and page number assigned in the CM/ECF system.

Apperson now moves to reduce his sentence under the First Step Act to time served, which would immediately begin his five-year term of supervised release. Doc. 910.

## II

Apperson has not shown extraordinary and compelling reasons for a reduction in sentence. And neither Sentencing Commission policy nor the Section 3553(a) factors favor a reduction. Accordingly, his motion is denied.

## A

None of Apperson's reasons to reduce his sentence rise to the level of extraordinary and compelling. "[W]hat constitutes extraordinary and compelling reasons" is left to a district judge's discretion subject to the statutory limitation that rehabilitation alone is not enough. *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (citing 28 U.S.C. § 994(t)). But "extraordinary and compelling" suggests that the proffered reasons for reduction must be unusually meritorious and "unique." *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). In other words, a petitioner must show circumstances which entitle them to relief that do not apply to most other prisoners. That bar is high. For example, courts have found that medical conditions including benign cysts, muscle aches, headaches, shortness of breath, PTSD, asthma, prediabetes, hypertension, and anxiety together or alone do not constitute extraordinary and compelling reasons for sentence reduction. *United States v. Hemmelgarn*, No. 1:18-CR-00069-3, 2020 WL 5645316, at *1 (D. Utah Sept. 22, 2020), *aff'd*, 15 F.4th 1027 (10th Cir. 2021); *see also United States v. Ford*, 536 F. Supp. 3d 848, 853 (D. Kan. 2021). Likewise, being unable to socially distance is not an extraordinary and compelling reason in the context of the COVID-19 pandemic. *United States v. Olivas*, No. 1:16-CR-03300, 2022 WL 204577, at *2 (D.N.M. Jan. 24, 2022).

Apperson contends that together his age (67), age-related medical conditions, time served (approximately 20 years), rehabilitation in prison (including teaching vocational classes), and the sentence disparity with his co-defendant who was granted compassionate release in 2020 are extraordinary and compelling reasons. Doc. 910 at 6, 10–11, 13, 16, 30–31. But these factors are hardly unique to Apperson. Agreeing with him would suggest many inmates have extraordinary and compelling reasons for release, defeating the plain meaning of the phrase.

*Cf. United States v. Ma*, No. 4:20-CR-00107, 2023 WL 5508835, at \*3 (D. Utah Aug. 25, 2023) (explaining that childcare issues, even tragic ones, are not extraordinary and compelling because they are not unique).

Apperson's circumstances are also unlike his co-defendant Pickard's, whose sentence was reduced to time served at the height of the COVID-19 pandemic in 2020. Doc. 910 at 30. Pickard was older (74) and had Stage 3 kidney disease. That combination, at least to the presiding judge, put Pickard "at greater risk than the average inmate" of severe COVID-19 illness. Doc. 862 at 2, 7, 9. Now that the extreme uncertainty of 2020 is past, Pickard's circumstances are hardly "unique," and his request may not have been approved if it had been submitted today. But even so, Apperson also benefited from heightened pandemic-related safety concerns because he was placed on home confinement in 2020, where he remains. And, in any event, a sentencing disparity that results from a co-defendant's compassionate release is likely not the type of sentencing disparity that Section 3553(a)(6) refers to. *See United States v. Wiseman*, 749 F.3d 1191, 1196 (10th Cir. 2014) (noting that only a subset of sentencing disparities are relevant under Section 3553(a)(6), namely those that result "among and between" federal defendants at the time of sentencing).

Apperson also invokes Sentencing Commission policy to bolster his argument, especially language which is now found in Sections 1B1.13(b)(2) and 1B1.13(b)(5). Doc. 910 at 6–26.[2] But neither Section aids his case.

Section 1B1.13(b)(2) does not support his motion because Apperson has not shown a "serious deterioration" in "physical or mental health because of the aging process" despite having served "at least ten years or 75 percent of his or her term of imprisonment, whichever is less." *See* Doc. 910 at 29 (noting Apperson is over 65 years old and has

---

[2] Section 1B1.13, as amended November 1, 2023, constrains the exercise of discretion as to the existence of extraordinary and compelling reasons for reduction. *See United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). It is applicable to Apperson's motion but whether it operates as a persuasive consideration or a direct constraint makes no difference to the outcome because Apperson has neither shown that extraordinary and compelling reasons exist outside of Section 1B1.13 nor that Section 1B1.13 provides such reasons.

served at least ten years). He contends he has unspecified "age-related" medical conditions regarding his vision, a vitamin B-12 deficiency, anemia, and a prostate condition. *Id.* at 10, 28. He also had successful arthroscopic surgery in 2020 but "physical therapy is ongoing." *Id.* at 11. And he adds that he has elevated "heart calcium." *Id.* These conditions do not show a "serious deterioration" in his physical health. *Cf. United States v. Williams*, No. 2:17-CR-00417, 2020 WL 806026, at \*3 (D. Utah Feb. 18, 2020) (holding that emphysema, PTSD, and arthritis alone or in combination do not show "serious deterioration" in health due to the aging process).

His reliance on out-of-circuit opinions, for instance *United States v. Poole*, is misplaced. *Contra* Doc. 910 at 7 (citing 472 F. Supp. 3d 450, 459 (W.D. Tenn. 2020)). In *Poole*, a district judge determined that a 67-year-old inmate who had served 74.8% of his sentence without incident and who had made rehabilitative efforts demonstrated extraordinary and compelling reasons for release from prison. 472 F. Supp. 3d at 459. But these factors were simply an additional reason on top of Poole's diagnosed hypertension, multiple strokes, diabetes, and high blood pressure. These conditions, "during the COVID-19 pandemic," placed him "at risk of serious deterioration in health or death," a formulation which appears in Section 1B1.13(b)(1) not (b)(2). Unlike Poole, Apperson makes no attempt to rely on Section (b)(1) and his medical conditions do not presently place him "at risk of serious deterioration in health or death" since he is currently on home confinement.

*United States v. Ebbers* is likewise inapposite. *Contra* Doc. 910 at 9 (citing 432 F. Supp. 3d 421, 431 (S.D.N.Y. 2020)). Ebbers' diagnosed dementia meant he was often confused and disoriented in prison—to the point where he needed assistance with basic living functions and had been repeatedly attacked after wandering into other inmates' cells. *United States v. Ebbers*, 432 F. Supp. 3d 421, 431 (S.D.N.Y. 2020). If anything, Ebbers' case shows how far short of extraordinary and compelling Apperson's proffered reasons for reduction are.

Apperson's argument based on Section 1B1.13(b)(5)—that his rehabilitation and productive use of time in prison qualify as "other reasons" for release—fares no better. Doc. 910 at 6 (citing what is now Section 1B1.13(b)(5)). Section (b)(5) notes that extraordinary and compelling reasons may be shown when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in

paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

The problem with Apperson's argument is twofold. First, 28 U.S.C. § 944(t) makes clear that the Sentencing Commission cannot make rehabilitation alone "extraordinary and compelling." Using Section (b)(5) to bootstrap that result would undermine Section 944(t). *See United States v. Maumau*, 993 F.3d 821, 835–36 (10th Cir. 2021). Second, the words "are similar in gravity to" undercut Apperson's assertion that his rehabilitation and productive use of time suffice. Taking and teaching vocational courses is not similar in gravity to the reasons outlined in Sections (b)(1)–(b)(4), reasons which include for example advanced illness, age-related mental and physical deterioration or risk of death, or being a victim of sexual abuse while imprisoned. *See United States v. Moreira*, No. CR 06-20021-01, 2024 WL 378032, at *3 (D. Kan. Jan. 31, 2024) (discussing the language "are similar in gravity to" and concluding that they require other circumstances to be as "serious" as the reasons outlined in Sections (b)(1)–(b)(4)).

Moreover, the Bureau of Prisons' list of "other" "nonexclusive" factors that might demonstrate extraordinary and compelling reasons do not support Apperson's Section 1B1.13(b)(5) argument. *Contra* Doc. 910 at 15–16. These factors include the defendant's criminal and personal history and the nature of his or her offense. BOP Program Statement 5050.50 at 12 (2019); *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020). They also include things like disciplinary infractions, sentence length, amount of time served, release plans, the defendant's age, and the defendant's age at sentencing. BOP Program Statement 5050.50 at 12. Courts are also to consider more abstract issues, such as whether release would minimize the severity of the offense. *Id.* Apperson argues that his age, lack of prior criminal history, length of sentence served, his concededly low risk of recidivism, his success while on home confinement, and his clear release plan all suggest Sentencing Commission policy supports his motion. Doc. 910 at 21. He also asserts that early transition to supervised release would not pose a danger to the community because he is functionally operating as a productive, employed member of the community at present. *Id.* Citing these factors, Apperson compares his case favorably to *United States v. Adeyemi*, an out-of-circuit, abrogated decision. But that case is inapt because the nature of Apperson's offense was wholly different from Adeymi's offense.

Even if it was still good law, *Adeyemi* shows why the "nonexclusive" factors cut against Apperson. Unlike Adeyemi, Apperson was neither a teenager when he committed the crime for which he is presently serving his sentence nor was he absent for the principal offense. *See United States v. Adeyemi*, 470 F. Supp. 3d 489, 526 (E.D. Pa. 2020). Instead, Apperson, well into his 40s, was convicted of conspiring to manufacture and distribute controlled substances, and was, by all accounts, an integral participant in an extensive and long-running operation which trafficked an astonishing amount of LSD. *United States v. Apperson*, 441 F.3d 1162, 1175–77 (10th Cir. 2006). The nature of the offense is therefore a strong reason to think BOP policy does not favor considering his rehabilitation or productive use of time in prison an "other" reason falling with Section (b)(5).

## B

Finally, the Section 3553(a) factors weigh against reducing Apperson's sentence. As noted, the nature of his offense was extremely serious. Together with Pickard, Apperson ran an extensive LSD manufacturing and distribution operation. *See United States v. Apperson*, 441 F.3d at 1175–77. He received a sentence less than that of Pickard, who received a life sentence. And while 17 years in prison arguably serves the requisite deterrent effect and the need to promote respect for the law, there were no unwarranted disparities at the time of sentencing nor did one arise when Pickard was granted compassionate release. *Contra* Doc. 910 at 35. Nor is that the type of federal sentencing inequity that Section 3553(a) directly addresses. *See United States v. Wiseman*, 749 F.3d 1191, 1196 (10th Cir. 2014).

## III

For the foregoing reasons, Apperson's Motion for a Reduction of Sentence, Doc. 910, is DENIED.

It is so ordered.


Date: February 23, 2024              s/ Toby Crouse
                                     Toby Crouse
                                     United States District Judge